Next case on the docks is the people's state of Illinois v. Robinson, case number 5-13-558. Counsel ready? Okay, may it please the court, counselor. My name is Lawrence O'Neill and I represent James Robinson in this appeal. This is a direct appeal for the circuit court's denial of Mr. Robinson's motion to withdraw a guilty plea. I ask this court to reverse the circuit court's order and allow Mr. Robinson to withdraw his plea. Mr. Robinson pled guilty to two counts of attempt first degree murder, with the state agreeing to Kaplan's second sentencing recommendation to 24 years in prison on each count, and the sentences to run consecutively. The court accepted the plea and sentenced Mr. Robinson to 24 and 18 years in prison in consecutive sentences. Mr. Robinson filed a motion to withdraw a guilty plea, alleging that the plea was involuntary and he received ineffective assistance of counsel, and a motion to reduce sentence. They were denied following the hearing. Mr. Robinson argues in this appeal that he should be allowed to withdraw his guilty plea because it was not knowingly involuntary and a violation of due process. There are two parts to this argument, two reasons why the plea is involuntary and a violation of due process. The first reason is that at the time of the plea, Mr. Robinson did not know or understand that by agreeing to a sentencing cap, he would not be allowed to challenge a sentence on appeal. And the cap he agreed to was 224 caps? 224 caps, Your Honor, yes. Due process requires that a guilty plea be knowing and voluntary. Due process does not satisfy here where Mr. Johns Robinson has never been aware that the only appellate option available to him with a guilty plea with a sentencing cap is to challenge the plea itself, and that he would not be allowed to challenge on appeal an error or abuse of discretion that occurred in sentencing. It is the lack of knowledge of a significant consequence of the guilty plea that makes the plea involuntary and a violation of due process. The fact that Mr. Johnson could not appeal the sentence in this guilty plea agreement was not part of the negotiation, it was not bargained over, and it was not agreed upon. There is simply no way a lay person like Mr. Robinson would understand that by agreeing to a guilty plea agreement with a sentencing cap, he would not be allowed to appeal any sentence imposed within the cap. I have cited on pages 12 and 13 of my brief federal court cases that have called into question the integrity and fairness of guilty plea proceedings that do not include waivers of the defendant's right to appeal a sentence imposed within the cap. In fact, the federal rules of criminal procedure that require that before a judge accepts a guilty plea, he must inform the defendant and determine that he understands the terms of any guilty plea agreement waiving the right to appeal or collaterally attack the sentence. Thus, under the federal scheme, the court must inform the defendant and determine that he understands that a plea agreement that prevents him from challenging his sentence on appeal, it must be stated to the defendant in order to satisfy due process and make the plea voluntary and known. This court should find likewise that Mr. Robinson's guilty plea was involuntary and a violation of due process because he was not informed that under the terms of the guilty plea agreement he agreed to, that he would not be allowed to challenge a sentence on appeal that is imposed within the cap. The second reason the guilty plea was involuntary is that Mr. Robinson was not informed of the elements of the offense to which he was pleading guilty. The judge at the guilty plea hearing did not read the indictment and did not state or explain the elements of the offense of first degree murder. The judge did not ask defense counsel whether he had explained to Mr. Robinson the elements of the offense. And the record does not show that defense counsel informed Mr. Robinson about the elements of the offense. Rather, the judge merely stated the name of the offense of attempt first degree murder at the guilty plea hearing. This does not satisfy due process requirements that a guilty plea be knowing and voluntary. An explanation of the elements of the offense in this case was particularly important because the case involves an attempt first degree murder. There is no way that a lay person like Mr. Robinson would understand the unique and complex elements of the offense of attempt first degree murder by the judge merely stating the name of the offense. Attempt first degree murder involves the mental state of the specific intent to kill. Intending or knowing that your actions create a risk of great bodily harm, strong probability of death is not sufficient. There must be this mental state of the specific intent to commit murder. Yet, Mr. Robinson was not informed by pleading guilty to a crime which included the mental state of the specific intent to kill as an element of the offense. A guilty plea under these circumstances is not knowing and voluntary and does not satisfy due process. The question as to whether Mr. Robinson's plea was voluntary should be determined in light of the 2005 United States Supreme Court in Bradshaw v. Stump. Prior to Stump, Illinois had followed the rule set forth in People v. Robinson and People v. Jackson which held that when a defendant is represented by counsel and enters a plea of guilty, it is appropriate for the judge to state the nature of the charge by merely stating the name of the offense. However, the validity of Robinson v. Jackson is questionable and might have stumped the U.S. Supreme Court decision. In Stump, the Supreme Court held that when a defendant pleads guilty to a crime without having been informed of the elements of the offense, the guilty plea is involuntary and a violation of due process. Under Stump, due process can be satisfied in one of two ways. Either the record must affirmatively show that the judge informed the defendant of the elements of the offense or that counsel informed the defendant and explained the elements of the offense. In effect, Stump has done away with the Illinois procedure based on Robinson v. Jackson that a defendant may be presumed to understand the elements of a crime if he is represented by counsel. After Stump, the record must affirmatively show that the court or counsel explained the elements of the offense to the defendant in order for the plea to be knowing, involuntary, and satisfy due process. In this case, as I mentioned, neither the court nor defense counsel explained the elements of the offense to Mr. Robinson. Therefore, under Stump, Mr. Robinson's plea was not knowing and involuntary. Thus, after Stump, Rule 402 should be interpreted to require the defendant to be informed of the elements of the crime in order to state the nature of the offense to the defendant and satisfy due process. Stump has changed the requirement for informing a defendant of the nature and elements of the charge. Thus, in this case, where the record does not show that Mr. Robinson was informed either of the elements of the offense of attempt first degree murder or and was not informed that a sentence in cap that he agreed to prevented him from challenging the sentence on appeal for an abuse of discretion, for a trial court error, for a trial court hearing bad evidence, he was precluded from challenging that on appeal. For these two reasons, I ask your honors to find that due process is not satisfied because the plea was not knowing and involuntary under these circumstances. I ask your honors to reverse this order of the circuit court and allow Mr. Robinson to withdraw his guilty plea. Are there questions, your honors? No questions. Thank you. Thank you. May it please the court, counsel. Jennifer Camden on behalf of the people. The appellate court held in 2005, the second district did, in People v. Sprigal, that where there's no substantial and objective proof that the defendant's claimed mistake of law was reasonably justified, his or her subjective impressions are not sufficient to vacate a guilty plea. In this case, the defendant is arguing that he didn't know his sentence was appealable without first withdrawing his plea, but he's failed to show that his claimed misapprehension of law was subjectively reasonable in light of the applicable presumption, as stated in People v. Linder in 1899, that when he accepted the deal, he was in effect agreeing not to challenge any sentence imposed below that cap on the grounds that it was excessive. So it's not enough for the defendant to say, as he does on pages three and four of his reply, that it was reasonable for him to believe that he could appeal his sentence without first moving to withdraw the guilty plea. What matters is whether there's substantial objective proof on the record that the defendant was justified in this claim to misapprehension, not whether that claim to misapprehension was reasonable. And the facts in Sprigal are instructive here, because in that case the defendant claimed that counsel told him prior to his entry of the negotiated plea that he could move for a reduction of sentence. And the trial court in that case didn't accept that testimony and denied his motion to withdraw the plea. And that denial was affirmed by the appellate court. But in this case the defendant isn't even arguing that he was affirmatively misled by defense counsel. And that's an important point. So for that reason, the court didn't abuse its discretion in denying the defendant's motion to withdraw a plea. The defendant only presented proof of his subjective impression, which under Sprigal is insufficient to vacate the guilty plea. Moving on, the defendant is arguing that a compliance with Rule 402 is now constitutionally insufficient to prove or to give rise to the presumption of a plea being entered knowingly and voluntarily. And he's making that argument in two separate ways. He's arguing that Rule 402 no longer gives rise to this applicable presumption since 1999 and 2005, respectively. It's Argument 1 based on Linder from 1999, Argument 2 from 2005 based on the Stumpf case. But in the 15 and 9 years, respectively, since those two cases, no other court has adopted either of the defendant's novel claims in this case with respect to the alleged constitutional insufficiency of Rule 402. And the defendant is in the requirement for Page 2, asks this court to essentially add a new requirement to Rule 402 that in addition to the four factors in Rule 402A that the judge must inform the defendant of before accepting his plea of guilt, the judge must also admonish the defendant as to the Linder Rule. But again, no other court has ever so held. Also, a court in accepting a plea must ensure only that the defendant knows the direct consequences of his plea, and that's why those are the factors named in Rule 402A. Those are the consequences that are definite and immediate and flow automatically from the plea. And the people argue in the answer brief that the Linder Rule is not a direct consequence of the plea. It's not definite and automatic. It only applies in certain contingencies that, as of the date of the entry of the plea, are not certain to occur. And I note that the defendant's reply brief doesn't contest the argument that the Linder Rule is not a direct consequence of the plea. It doesn't renew that claim here. The defendant cites the Federal Rule, which states that the terms of a plea deal that involve waiving an appeal – sorry, let me back up. The Federal Rule states that if one of the terms of a plea deal is that the defendant will waive an appellate right, that that term of the plea deal must be stated on the record. I don't see the difference between the Federal Rule and Illinois Rule 402B, which states that terms of a plea are to be stated in an open court. In this case, the potential future application of the Linder Rule was not a term of the plea between the state and the defendant in this case. Moving on to the defendant's second argument, Rule 402 compliance still ensures the validity of the plea in light of the U.S. Supreme Court case Bradshaw v. Stumpf. Rule 402 requires a court to inform the defendant of the nature of the charge. That's what Rule 402 says. And the Illinois Supreme Court in Jackson in 2002 held that the court, in complying with that rule, need only name the offense, not the elements. The defendant isn't claiming that he wasn't informed of the elements, only that the court didn't comply with Rule 402. He's asserting that defense counsel didn't tell him the elements, but we don't know that from the record. The record's silent on that question, and it's notable that the reason for this is that it didn't come up below, and that it's forfeited. The defendant here is seeking plain error review on this issue. But, of course, the silent record shouldn't be construed against the affilee's state here. The defendant had three separate attorneys during the proceedings in the circuit court, and none of them raised the issue of whether the defendant was ever informed of the elements of attempted murder. He created the silent record, and now he's seeking the profit from it. Now, the statement in stuff that a plea is invalid if the defendant isn't informed of the elements of the crimes to which he's pleaded guilty was based on Henderson, a U.S. Supreme Court case from 1976. In that case, the defendant's plea was ruled involuntary because, in that case, the trial judge made a factual finding that an element actually hadn't been explained to the defendant. And Henderson also stated that there's a presumption that counsel told the defendant the elements, a presumption that was overcome by the facts in Henderson. But in this case, and this is key, the presumption wasn't addressed because in stuff the court didn't have to rely on the presumption because in stuff the defense attorneys told the trial court at the plea hearing that they had informed the defendant of the elements of the offense. The Sixth Circuit had held in stuff that a defendant didn't understand an element and invalidated the plea. The Supreme Court reversed, noting that the defense attorneys said at the plea hearing that they had explained the elements. The court in stuff said that the defendant must be informed of the elements, but that it had never held that a judge must do it on the record, and noted that the requirement was also that a defendant be informed of the elements was also satisfied where the record reflected that counsel had done it. And the court included the CF side to Henderson, the case where the record proved that counsel hadn't done it. But when stuff stated that a court, quote, may usually rely on counsel's assurance that the defendant has been properly informed of the elements, end quote, the court was making that statement in the context of stuff where that's what occurred. Counsel gave that assurance. But the Supreme Court wasn't holding that such assurances must appear on the record or that the only ways to ensure that the only ways that we can be sure on appeal whether a defendant was informed of the elements are if counsel either tells the judge that he's done that or if the judge does it him or herself. The court in stuff didn't overrule Henderson, and the court didn't overrule the Henderson presumption. And the court in stuff certainly didn't overrule the general presumption that counsel is presumed competent and that it's the defendant's burden to prove incompetence of counsel. And again, stuff didn't need to address the viability of this Henderson presumption because it wasn't at issue in this case. And I'd also note that one of the defendants cited cases, this Mississippi case, Jones from 2006. It's an appellate court case from Mississippi. In that case, the method by which the appellate court decided that the defendant had been advised of the elements of the offense was one that also wasn't mentioned in stuff. That was where the defendant conceded that he had been advised of the elements of the offenses. So that wasn't a case where the judge did that, and that wasn't a case where defense counsel did it on the record. But it was one where, nonetheless, the defendant's plea was ruled, you know, involuntary. There's no proof that in the nine years since stuff that the stump case has created some sort of revolution in plea proceedings or has rendered Rule 402 constitutionally invalid. And I'd just make one final note, which is that Rule 402 was last amended in 2012 and that the Supreme Court Rules Committee didn't amend it to incorporate this alleged new interpretation of it that the defendant is arguing that some mandates. If there are no further questions. No questions. Thank you. Rebuttal. Regarding the first part of the argument with the sentencing cap, counsel argues that the defendant's subjective impressions are not sufficient to establish that he did not know or understand that he did not appeal a sentence. There are several parts of the record that show that Mr. Robinson did not know about the guilty plea consequences as far as the sentence appeal is concerned. First, Mr. Robinson testified at the guilty plea hearing specifically that he was not told about the sentencing cap. Defense counsel testified that he did not advise, inform the defendant, Mr. Robinson, that he could not appeal the sentence on appeal. And to substantiate that trial counsel didn't even understand the lingering rule that if Mr. Robinson could not appeal the sentence, counsel filed a motion to reduce sentence in addition to filing a motion to withdraw guilty plea. Now if counsel understood that Mr. Robinson, by agreeing to a sentencing cap, could not appeal the sentence, he would not have filed a motion to reduce the sentence. So the record clearly shows that Mr. Robinson did not know, did not affirmatively know, that he could not appeal the sentence on appeal. Could not appeal the sentence. Regarding, in a general sense, regarding Rule 402, Rule 402 was intended to ensure compliance with due process that was set forth in the Boykin v. Alabama case, that a guilty plea must be knowing and voluntary. So that is the standard. To satisfy, a guilty plea must be knowing and voluntary to satisfy due process. With a 402, you know, so the 402 is intended to ensure that. But the primary factor to consider is whether the guilty plea was knowing and voluntary. Regarding the second argument, the elements of the offense, under Stump, Stump did have the effect of changing the requirements of admonishments in guilty plea hearings. From the standpoint that counsel mentioned, Henderson v. Morgan, the Stump decision changed the presumption. Before, based upon Henderson and others, in Robinson and Jackson and the Illinois Supreme Court cases, if the defendant is represented by counsel, there is a presumption that the defendant understood the elements of the offense. And, but Stump held that the presumption, did away with the presumption. And that required affirmative shown by either the court or defense counsel. Now, counsel mentioned that the trial court does not have to explain the elements of the offense to the defendant. That is true, but Stump held that in order to still satisfy due process, when the judge does not explain the elements of the offense to the defendant, there must be affirmative showing on the record that defense counsel did explain the elements of the offense. In Stump, defense attorney stated, yes, on the record, I explained the elements of the offense to the defendant. And the defendant testified that that was true. So there was no due process violation. Now, the other side of that, I mean, the consequence of that, of that holding, of the Stump holding, is that if the record does not affirmatively show that defense counsel informed the defendant and explained the elements of the offense, then under Stump, that plea is invalid and involuntary in the violation of due process. Are there any other questions, Your Honor? No, Your Honor. Thank you. The case will be taken under advisory.